# EXHIBIT C

# PROPRIETARY INFORMATION AGREEMENT

This Acknowledgment of Obligations (the "Agreement") is made and effective March 24, 2015.

**BETWEEN:** David Vincent (the "Employee").

**AND:** **Coldwell Solar Inc.** (the "Company"), a corporation organized and existing under the laws of the state of California.

WHEREAS, Company desires to employ Employee and Employee desires to be employed and/or continue to be employed by Company in connection with certain aspects of the development or marketing of certain Solar systems or other products for Company.

WHEREAS, in connection with such employment, Employee may be given access to, generate, or otherwise come into contact with certain proprietary and/or confidential information as further defined below of Company or clients of Company; and

WHEREAS, Employee and Company desire to prevent the dissemination or misuse of such information;

NOW, THEREFORE, the parties hereto mutually agree as follows:

## 1. EMPLOYMENT

Company hereby employs or continues to employ Employee and Employee hereby accepts employment, upon the terms and conditions contained herein ad at a compensation as shall be agreed upon from time to time by Company and Employee. The parties agree that this Agreement shall not in any way affect the employer/employee relationship of the parties other than as specifically set forth in this Agreement, including without limitation the ability of Company to terminate Employee's employment at will (unless otherwise provided in a written agreement, properly signed by Company). The term of this Agreement shall commence on the date hereof and shall continue for the duration of Employee's employment with the Company. While employed by Company, Employee shall devote his or her full working time to Company's affairs and shall faithfully and diligently serve Company's interests.

## 2. CONFIDENTIAL INFORMATION

Employee agrees not to disclose to any others, or take or use for Employee's own purposes or purposes of any others, during the term of this Agreement or at any time thereafter, any of Company's Confidential Information (as defined below). Employee agrees that these restrictions shall also apply to (1) Confidential Information belonging to third parties in Company's possession and (2) Confidential Information conceived, originated, discovered or developed by Employee during the term of this Agreement. "Confidential Information" means any Company proprietary information, technical data, trade secrets or know-how, including, but not limited to, research, product plans, products, services, customer lists and customers, markets, software, developments, inventions, processes, formulas, technology, designs, drawings, engineering, marketing, finances or other business information disclosed to Employee by Company, either directly or indirectly, in writing, orally or by drawings, or by observation of products. Confidential Information does not include any of the foregoing items which has become publicly known and made generally available through no wrongful act of Employee. Employee further agrees not to improperly use or disclose or bring onto the premises of Company any trade secrets of another person or entity during the term of this Agreement.

### 3. RETURN OF PROPERTY

Employee agrees that upon termination of employment with Company, Employee will deliver to Company all devices, records, data, disks, computer files, notes, reports, proposals, lists, correspondence, specifications, drawings, blueprints, sketches, materials, equipment, other documents or property, or reproductions of any aforementioned items developed by Employee pursuant to employment with Company or otherwise belonging to Company, its successors or assigns.

### 4. NOTIFICATION OF NEW EMPLOYER

Company shall have the right to notify any future employers of Employee of Employee's rights and obligations under this Agreement.

### 5. OTHER AGREEMENTS

Employee represents that the performance of all the terms of this Agreement will not breach any agreement to keep in confidence proprietary information acquired by Employee in confidence or in trust prior to employment with Company. Employee has not and shall not enter into any oral or written agreement in conflict with this Agreement.

### 6. INJUNCTIVE RELIEF

Employee agrees that it would be impossible or inadequate to measure and calculate Company's damages from any breach of the covenants set forth in this Agreement. Accordingly, Company shall have available, in addition to any other right or remedy available under law or equity, the right to obtain any injunction from a court of competent jurisdiction restraining such breach or threatened breach and to specific performance of any such provision of this Agreement. Employee further agrees that no bond or other security shall be required in obtaining such equitable relief and consents to the issuance of such injunction and to the ordering of specific performance.

### 7. MISCELLANEOUS

#### 7.1. ATTORNEYS' FEES; PREJUDGMENT INTEREST; GOVERNING LAWS

If the services of an attorney are required by any party to secure the performance hereof or otherwise upon the breach or default of another party to this agreement, or if any judicial remedy or arbitration is necessary to enforce or interpret any provision of this Agreement or the rights and duties of any person in relation thereto, the prevailing party shall be entitled to reasonable attorneys' fees, costs and other expenses, in addition to any other relief to which such party may be entitled. Any award of damages following judicial remedy or arbitration as a result of the breach of this Agreement or any of its provisions shall include an award of prejudgment interest from the date of the breach at the maximum amount of interest allowed by law. The rights and obligations of the parties and the interpretation and performance of this Agreement shall be governed by the law of California, excluding its conflict of laws rules.

#### 7.2. AMENDMENT; WAIVER

The provisions of this Agreement may be modified at any time by agreement of the parties. Any such agreement hereafter made shall be ineffective to modify this Agreement in any respect unless in writing and signed by the parties against whom enforcement of the modification or discharge is sought. Any of the terms or conditions of this Agreement may be waived at any time by the party entitled to the benefit thereof, but no such waiver shall affect or impair the right of the waiving party to require observance, performance or satisfaction either of that term or condition as it applies on a subsequent occasion or of any other term or condition.

7.3.   ENTIRE AGREEMENT

This document and any written employment agreement between Employee and Company constitute the entire agreement between the parties regarding the subject matter, all oral agreements being merged herein, and supersedes all prior representations. There are no representations, agreements, arrangements, or understandings, oral or written, between or among the parties relating to the subject matter of this Agreement that are not fully expressed herein.

7.4.   SUCCESSION

Subject to the provisions otherwise contained in this Agreement, this Agreement shall inure to the benefit of and be binding on the heirs, successors and assigns of the respective parties hereto.

7.5.   SEVERABILITY

If any provision of this Agreement is held by a court of competent jurisdiction to be invalid or unenforceable, the remainder of the Agreement which can be given effect without the invalid provision shall continue in full force and effect and shall in no way be impaired or invalidated.

7.6.   NOTICES

Any notice under this Agreement shall be in writing, and any written notice or other document shall be deemed to have been duly given (i) on the date of personal service on the parties, (ii) on the third business day after mailing, if the document is mailed by registered or certified mail, (iii) one day after being sent by professional or overnight courier or messenger service guaranteeing one-day delivery, with receipt confirmed by the courier, or (iv) on the date of transmission if sent by telegram, telex, telecopy or other means of electronic transmission resulting in written copies, with receipt confirmed. Any such notice shall be delivered or addressed to the parties at the addresses set forth below or at the most recent address specified by the addressee through written notice under this provision. Failure to conform to the requirement that mailings be done by registered or certified mail shall not defeat the effectiveness of notice actually received by the addressee.

IN WITNESS WHEREOF, the undersigned have hereunto set their hands as of the date first above written.

| COLDWELL SOLAR INC. | EMPLOYEE |
|---|---|
| _____ | _____ |
| Authorized Signature | Authorized Signature |
| Dave Hood, CEO | DAVID VINCENT |
| Print Name and Title | Print Name and Title |